IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLBY D. WELCH,

                Plaintiff,

v.

LAURA SUKOWATY, ALANA ACKER,
FAITH KRESSER, BRENDA ROEHRBORN-
DORNAN, JILL WINKLER, TRISHA WADDELL,
OFFICER VANG, OFFICER WISERMA,
and LT. HOFFSTETTER,

                Defendants.

OPINION and ORDER

24-cv-97-jdp

---

Pro se plaintiff Colby D. Welch, proceeding without counsel, is suing staff at Columbia Correctional Institution for failing to take appropriate action after they learned that he had swallowed multiple sharpened pencils and for failing to treat his pain. Welch has filed three documents, each of which raises separate issues. For the reasons below, I will deny the requests in each of these filings.

ANALYSIS

**A. August 13 letter**

Welch says that he wants to send the court documents supporting some of his claims, but at the time he sent the letter, not all the defendants had made an appearance, and he did not know how to serve them. Welch asks the court how to proceed.

Welch's request is moot because all parties have made now made an appearance. Magistrate Judge Wiseman instructed Welch how to serve each defendant going forward. *See* Dkt. 17.

In any event, Welch should not submit evidence to the court about his claims at this time. A party should submit evidence to the court only to support a motion that he filed, to oppose a motion that another party filed, or to prepare for trial. There is no motion pending before the court that would require Welch to submit evidence to support his claims, and trial is a long way off. A telephone scheduling conference with Magistrate Judge Boor is set for January 7. Judge Boor will then issue a scheduling order that will explain how the case will proceed. Welch may also ask Judge Boor about court procedures during the conference.

**B. Request for counsel**

Welch renews his request for assistance in recruiting counsel. Dkt. 16. I previously denied a similar request as premature. Dkt. 9, at 5. I explained then that I generally defer decisions on recruiting counsel until after any issues about exhaustion of administrative remedies are resolved. Counsel generally is not needed to assist a plaintiff with litigating the exhaustion issue because defendants have the burden to show that the prisoner did not properly complete the exhaustion process, and issues about exhaustion usually are simpler than the merits and require little discovery. Nothing that Welch has filed so far suggests that litigating exhaustion would be too complicated for him.

I will deny Welch's motion for assistance in recruiting counsel without prejudice. Welch may renew his motion if at least one of his claims survives a motion for summary judgment for failure to exhaust or if no defendant files an exhaustion motion by the deadline that Judge Boor sets in her scheduling order.

**C. September 27 letter**

Welch raises two issues in his September 27 letter. First, he alleges that a grievance he filed "somehow vanished" after he turned it in. Second, he says that he filed an open records

2

request for bodycam footage related to the incidents in this case, but he was informed that the video was not preserved, even though he previously submitted a preservation request.[1] He asks the court to "look into" his allegations.

I cannot take action on either of the issues that Welch raises. As for Welch's concern about a missing grievance, any concern is premature. As already discussed, it is defendants' burden to prove that Welch did not exhaust his administrative remedies, so Welch does not need to take any action regarding his grievances unless defendants move to dismiss one or more claims for failure to exhaust. If that happens, Welch may explain his side of the story then. If the evidence shows that prison staff prevented Welch from completing the grievance process, then Welch will be allowed to proceed with that claim. *See Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016).

As for Welch's allegation that video evidence was not properly preserved or is being concealed, that is another premature issue. Welch is not proceeding on an open records claim in this court, so I cannot grant him relief on such a claim. After Judge Boor holds the preliminary pretrial conference, the parties will be allowed to begin discovery in this case. At that time, if Welch believes that he is entitled to video evidence related to his claims, he will have to submit a request for production under Federal Rule of Civil Procedure 34. If defendants fail to produce that evidence and Welch cannot resolve the dispute informally after making a good faith effort, Welch may file a motion to compel discovery under Federal Rule of Civil Procedure 37. If the evidence was improperly destroyed, Welch may move for sanctions, which, under appropriate circumstances, could include an instruction to the jury that the destroyed

---

[1] Welch also again renews his request for assistance in recruiting counsel, but I will deny that request for the reasons already discussed.

evidence was favorable to Welch. *See Norman Nunnery v. Madison Area Technical College*, 625 F.3d 422, 428–29 (7th Cir. 2010); Fed. R. Civ. P. 37(e). In the meantime, defendants are instructed to take affirmative steps to ensure that no electronic evidence, including videos, relevant to Welch's claims is destroyed while this lawsuit is pending.

ORDER

IT IS ORDERED that:

1. Plaintiff Colby D. Welch's motion for assistance in recruiting counsel, Dkt. 16, is DENIED without prejudice.

2. Welch's requests in his August 13 and September 27 letters, Dkt. 12 and Dkt. 23, are DENIED.

Entered December 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge