IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLBY D. WELCH,

                Plaintiff,

   v.

LAURA SUKOWATY, ALANA ACKER,
FAITH KRESSER, BRENDA ROEHRBORN-DORAU,
JILL WINKLER, TRISHA WADDELL, YWJ SIAB
VANG, ANDREW WIERSMA,
and DYLAN HOFFSTATTER,

                Defendants.[1]

OPINION and ORDER

24-cv-97-jdp

---

Plaintiff Coby D. Welch, proceeding without counsel, alleges that staff at Columbia Correctional Institution failed to stop him from engaging in self-harm and then failed to give him adequate medical treatment afterwards. All of the defendants, in three groups, move for summary judgment on the ground that Welch did not exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Dkt. 44; Dkt. 47; Dkt. 53. Welch did not respond to any of the motions, and defendants' filings show that Welch did not comply with the prison's rules for completing the grievance process for any of his federal claims. So I will grant defendants' motions.

All of the defendants rely solely on § 1997e(a), which applies to federal claims only. *See Voss v. Kauer*, No. 18-cv-848-jdp, 2019 WL 3802480, at *2 (W.D. Wis. Aug. 13, 2019). So I will not dismiss the state-law claims on exhaustion grounds. But I have supplemental

---

[1] I have amended the caption to include the full names of each of the defendants, as reflected in their summary judgment materials and acceptance-of-service forms.

jurisdiction over the state-law claims based on 28 U.S.C. § 1367. Now that I am dismissing the federal claims, I will dismiss the state-law claims under § 1367(c)(3).

## ANALYSIS

Welch is proceeding on four sets of claims:

1) After Welch swallowed a "rubber pencil," defendants Andrew Wiersma and Dylan Hofstatter (both correctional officers) failed to take any action to prevent further acts of self-harm, resulting in Welch swallowing two sharpened pencils, in violation of the Eighth Amendment.

2) Defendants Laura Sukowaty (a doctor), Alana Acker (the health services unit manager), Faith Kressler (a nurse), Brenda Roehrborn-Dorau (a nurse), Jill Winkler (a nurse), and Trisha Waddell (a nurse) knew that Welch had swallowed the pencils and that he was in extreme pain, but they did nothing except give him stool softeners for two weeks, in violation of the Eighth Amendment and Wisconsin's common law of negligence.

3) When Welch told Ywj Siab Vang (a correctional officer) that he was in severe pain, Vang did nothing, in violation of the Eighth Amendment.

4) When Welch returned from the hospital, he was still in serious pain as a result of 28 staples that had been inserted after surgery, but Acker and Sukowaty refused to make arrangements to pick up Welch's pain medication prescription from the pharmacy, leading to a delay of several days before Welch received the medication, in violation of the Eighth Amendment and Wisconsin's common law of negligence.

Defendants move to dismiss Welch's Eighth Amendment claims under the Prison Litigation Reform Act of 1995 (PLRA), which requires prisoners to exhaust all available administrative remedies before challenging prison conditions under federal law. 42 U.S.C. § 1997e(a). A prisoner must take each step in the administrative process, which includes following instructions for filing "complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*," 286 F.3d 1022, 1025 (7th Cir. 2002). The prisoner must also include in his grievance any information required by prison rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002).

2

If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted federal claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants say that Welch filed only one grievance related to this case. In a grievance dated February 6, 2023, Welch stated that he was "challenging the delay of access to proper medical care." Dkt. 46-2, at 9–11. Specifically, he said that it took prison staff 11 days to take him to the hospital after he swallowed multiple pencils and started complaining that he was in pain. *Id.*[2]

That grievance is broad enough to encompass Welch's Eighth Amendment claims about delays in treating Welch after swallowing the pencils. But it does not address the Eighth Amendment claims about failing to stop Welch from harming himself or about the medical care he received after he returned from the hospital. Wisconsin's rules require a prisoner's grievance to "contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). This is similar to the default rule applied by federal courts, which requires the grievance to provide notice to the prison of "the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020). Welch's grievance did not satisfy those requirements as they relate to the Eighth Amendment claims about self-harm and medical care after returning from the hospital, so I will dismiss those claims without prejudice under § 1997e(a).

---

[2] Welch's inmate complaint history report shows that Welch filed a grievance about swallowing *pens* (rather than pencils) several months later, in July 2023. Dkt. 46-1, at 2. But that was grievance about a different incident from the one at issue in this case. *See* Dkt. 46-4.

3

This leaves Welch's Eighth Amendment claims for delaying treatment immediately after he swallowed the pencils. The grievance examiner rejected Welch's grievance related to that issue under Wis. Admin. Code § DOC 310.07(2), which requires the prisoner to file his grievance "within 14 days after the occurrence giving rise to the complaint." In this case, Welch identified the date of the occurrence as December 31, 2022 (the day he went to the hospital), but he dated his grievance February 6, 2023. Dkt. 46-2, at 6. The examiner rejected the grievance as untimely, writing that Welch returned from the hospital on January 10, 2023, so the grievance was untimely even if his time at the hospital was excluded. *Id.* Section 310.07(2) allows the examiner to consider a late grievance for good cause, but the prisoner must "explicitly provide the reason for the late filing" in his grievance. Welch did not seek an extension of time, and he did not provide a reason in his grievance for missing the deadline. So Welch did not comply with the prison's grievance rules, and I must dismiss all of his Eighth Amendment claims without prejudice for his failure to exhaust his administrative remedies.

ORDER

IT IS ORDERED that:

1. Defendants' motions for summary judgment, Dkt. 44; Dkt. 47; Dkt. 53, are GRANTED. Plaintiff's Eighth Amendment claims are DISMISSED without prejudice for his failure to exhaust his administrative remedies.

2. Plaintiff's state-law claims are DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered April 23, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge